UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
           Plaintiff,          )   Case No. 1:01-cr-276
                               )
v.                             )   Honorable David W. McKeague
                               )
SHAY MARTIN ADKINS,            )
                               )   **REPORT AND RECOMMENDATION**
           Defendant.          )
_____)

Defendant is serving a sentence of 120 months' imprisonment, imposed by United States District Judge David W. McKeague on June 3, 2002, after defendant entered a plea of guilty to possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). The Sixth Circuit Court of Appeals affirmed defendant's sentence on direct review, and the United States Supreme Court denied *certiorari*. Defendant has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion sets forth a single ground for relief: Defendant raises a Sixth Amendment violation arising from judicial factfinding under the federal sentencing guidelines. Defendant objects to the four-level upward adjustment made by the sentencing judge under U.S.S.G. § 2K2.1(b)(5) on a finding that defendant possessed the firearm in connection with another felony.

Promptly after the filing of a section 2255 motion, the court must undertake a preliminary review of the motion to determine whether "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b), RULES GOVERNING § 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT

COURTS. If the movant is not entitled to relief, the court "shall make an order for its summary dismissal." *Id.* Dismissal without a hearing is appropriate if the defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). This section 2255 proceeding has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Rules Governing Section 2255 Proceedings in the District Courts. Upon review of the record, I conclude that the petition is meritless and recommend that it be summarily denied.

## **Proposed Findings of Fact**

This criminal prosecution began with the filing of an indictment on December 19, 2001, charging defendant with knowing possession of a .22 caliber rifle in and affecting commerce at a time when he had been convicted of at least one felony offense. (docket # 1). Defendant was represented in all trial court proceedings by retained counsel Lesley S. Kranenberg. After pretrial proceedings, defendant and counsel appeared before Judge McKeague on March 4, 2002, for purposes of entering a plea of guilty, pursuant to a written plea agreement. (docket # 23). Among the provisions of the plea agreement, the government promised not to charge or seek to sentence defendant under 18 U.S.C. § 924(e), which required a mandatory minimum sentence of 15 years. (¶ 6). The parties further agreed to a 120-month sentencing cap and agreed that defendant could withdraw his plea if the sentence exceeded the cap, pursuant to Fed. R. Crim. P. 11(e)(1)(C). (*Id.*).

United States Probation Office Bonnie Mosley submitted a presentence investigation report (PSIR) under revised date May 24, 2002. The PSIR, applying the November 1, 2001 edition of the Guidelines Manual, found the base offense level to be 24 under U.S.S.G. § 2K2.1(a)(2), because defendant committed the instant offense after sustaining at least two felony convictions for crimes of violence or controlled substances offenses. (¶ 27). The PSIR recommended a four-level enhancement under U.S.S.G. § 2K2.1(b)(5), because defendant possessed the rifle in connection with the commission of a felony offense, namely, assaulting Battle Creek police officers with the use of the firearm. (¶ 28). This rendered an adjusted offense level of 28. (¶ 32). The PSIR recommended a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). (¶¶ 33, 34). The total offense level was therefore 25. (¶ 37). The PSIR recited defendant's lengthy criminal record, which resulted in a criminal history score of 15. (¶ 54). Additionally, because defendant was on parole at the time of the offense, two criminal history points were added, and one point was added because the offense was committed less than two years after defendant's release from custody. (¶¶ 55, 56). This rendered total criminal history points of 18 and a criminal history category of VI. (¶ 57). The guideline range for incarceration was 110-to-137 months, but the sentence was capped at 120 months. (¶ 100).

Defense counsel filed objections to the four-level enhancement under section 2K2.1(b)(5). Counsel argued that possession of the firearm and the encounter with officers were part and parcel of the same criminal episode and that a four-level enhancement was therefore not allowable under the guidelines. Counsel therefore argued that the total offense level should be 21 and that the guideline range should be reduced to 77-to-96 months.

The parties appeared before Judge McKeague on June 3, 2002, for sentencing. (*See* Sentencing Transcript (ST), docket # 38). Judge McKeague heard extensive argument on defendant's objection to the four-point enhancement. The court overruled the objection and applied a four-level enhancement under guideline section 2K2.1(b)(5). (ST, 25-26). In all other respects, the court followed the guideline calculation set forth in the PSIR, to which no objection had been lodged. After hearing allocution, Judge McKeague sentenced defendant to 120 months' incarceration, in addition to three years of supervised release. (ST, 29-30).

Defendant, represented by Ms. Kranenberg, filed an appeal of right to the United States Court of Appeals for the Sixth Circuit. The only issue raised on appeal was the propriety of the four-point enhancement under section 2K2.1(b)(5) of the sentencing guidelines. The record does not show that defendant raised a Sixth Amendment challenge to the sentencing procedure employed by the district court. By unpublished opinion issued December 1, 2003 (docket # 43), the Court of Appeals affirmed the sentence. Defendant filed a petition for *certiorari* in the Supreme Court of the United States. By order entered April 5, 2004, the Court denied *certiorari*. (docket # 46).

On April 14, 2005, more than one year later, the Clerk of this Court received the pending section 2255 motion. The motion is dated April 1, 2005, and is accompanied by a certificate of filing, not submitted under oath or under penalties of perjury, indicating that defendant placed his motion in the official depository located at FCI McKean on April 1, 2005.

**Discussion**

A.   **Statute of Limitations**

Pursuant to amendments enacted in 1996, a federal defendant seeking relief under 28 U.S.C. § 2255 must comply with a one-year statute of limitations. 28 U.S.C. § 2255, ¶ 6. For purposes of the present case, the limitation period begins to run from the date on which the judgment of conviction becomes final. Where, as here, a defendant seeks *certiorari*, his judgment becomes final when the Supreme Court disposes of the *certiorari* petition. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004). The limitations period therefore expired on April 5, 2005, one year after the Supreme Court entered its order denying *certiorari*. The Clerk's Office did not receive defendant's motion until April 14, 2005. Under the rule first announced in *Houston v. Lack*, 487 U.S. 266 (1988), a *pro se* prisoner's papers are considered "filed" at the moment of delivery to prison authorities for forwarding to the district court. This rule has been extended to section 2255 motions, but to take advantage of this rule, the prisoner must establish timely filing by notarized statement or declaration under penalties of perjury submitted pursuant to 28 U.S.C. § 1746. *See Grady v. United States*, 269 F.3d 913, 916-17 (8th Cir. 2001) (Defendant whose section 2255 petition is otherwise time-barred "bears the ultimate burden of proving his entitlement to benefit from the rule."). Defendant has done neither.[1] I therefore conclude that his motion is untimely under section 2255, ¶ 6 and recommend that it be denied on this ground.

---

[1] A separate defect in defendant's "certification" is the absence of a statement by defendant "that first-class postage ha[d] been prepaid." FED. R. APP. P. 4(c)(1).

### B.      Retroactivity

Even if defendant is deemed to have submitted a timely motion, he is not entitled to relief. Defendant seeks to upset his sentence on Sixth Amendment principles, asserting that the facts underlying enhancement of his sentence should have been found by a jury beyond a reasonable doubt and not by the sentencing judge. The line of cases upon which defendant seeks to rely began with the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* involved judicial enhancement of a state sentence, beyond that prescribed by statute for the underlying offense, upon a finding that defendant had committed a hate crime. The *Apprendi* Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely v. Washington*, 124 S. Ct. 2531 (2004), the Supreme Court invalidated under the Sixth Amendment a statute of the State of Washington authorizing the sentencing judge to impose a sentence above the standard sentencing range if the judge found aggravating factors that justified such a departure. The *Blakely* Court extended the holding in *Apprendi* by defining the "statutory maximum" as the maximum sentence that a judge may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 124 S. Ct. at 2537.

At the time defendant was sentenced, however, the federal courts had not applied the Sixth Amendment rule of *Apprendi* to invalidate sentencing under the federal sentencing guidelines, as long as the ultimate sentence was within the statutory maximum. *See, e.g., United States v. Lawrence*, 308 F.3d 623, 634 (6th Cir. 2002). In fact, as late as August 26, 2004, the *en banc* Sixth Circuit held that neither *Apprendi* nor *Blakely* required a finding that sentencing under the guidelines violated the Sixth Amendment. *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*).

On January 12, 2005, the Supreme Court issued its decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In essence, the *Booker* Court found that mandatory application of the federal sentencing guidelines abridged Sixth Amendment rights and that the remedy for this violation was to treat the guidelines as merely advisory.

Defendant may not invoke *Booker* retroactively to invalidate his sentence. In general, a criminal defendant may not rely on a new rule of criminal procedure handed down after his conviction has become final. *See Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004). In *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit determined that the *Booker* decision announced a new rule of criminal procedure that cannot be invoked to upset convictions or sentences that became final before *Booker* was announced. The Court of Appeals further determined that the new rule enunciated by *Booker* does not fall within either of the two narrow exceptions to non-retroactivity recognized by the Supreme Court. 398 F.3d at 862-63. Consequently, under *Humphress*, a federal movant under section 2255 may not invoke *Booker* to challenge application of the sentencing guidelines on Sixth Amendment grounds, if the movant's conviction became final before *Booker* was announced.

As noted above, defendant's judgment became final on April 5, 2004. *Blakely* was not decided until June 24, 2004, and *Booker* was not decided until January of 2005. Defendant is therefore precluded from relying on either *Blakely* or *Booker* to upset his conviction. Under the law as it stood at the time defendant's conviction became final, his sentence did not violate Sixth Amendment principles. As defendant's sentence was legal when imposed, he is precluded by *Humphress* from challenging his sentence on the basis of *Booker* or any other decision handed down after April 5, 2004.

In summary, defendant's Sixth Amendment challenge must be rejected on two separate grounds. First, his motion is barred by the one-year statute of limitations. Second, he attempts to apply *Booker* retroactively to upset a sentence that became final before *Booker* was decided.

## **Recommended Disposition**

For the foregoing reasons, I conclude that defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (docket # 47) is plainly meritless and recommend that it be summarily denied pursuant to Rule 4.

Dated:   May 27, 2005                           /s/  Joseph G. Scoville
                                                 United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).