UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:01-cr-276 |
| | ) | |
| v. | ) | Honorable David W. McKeague |
| | ) | |
| SHAY MARTIN ADKINS, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| _____ | ) | |

This is a proceeding to vacate, set aside, or correct a sentence imposed by this court on June 3, 2002. Defendant's *pro se* motion under 28 U.S.C. § 2255 sets forth a single ground for relief. Defendant asserts that the court's judicial factfinding under the federal sentencing guidelines, pursuant to which the court enhanced defendant's sentence by four levels under Guideline § 2K.2.1(b)(5), constituted a Sixth Amendment violation. By report and recommendation entered May 26, 2005, the magistrate judge determined that the motion was untimely and that it was substantively meritless. The magistrate judge therefore recommended summary denial of the motion under Rule 4(b) of the Rules Governing § 2255 Motions. Presently pending before the court are defendant's objections to the report and recommendation, which this court must review *de novo*. 28 U.S.C. § 636(b)(1). For the reasons set forth below, the finding of the magistrate judge concerning the statute of limitations will be vacated, but the report and recommendation will in all other respects be adopted as the opinion of the court, and defendant's motion will be denied.

**1.**

The report and recommendation determined that the section 2255 motion, received by the Clerk on April 14, 2005, was untimely, as the statute of limitations expired on April 5, 2005. At the time the report and recommendation was filed, defendant had not submitted a notarized statement or declaration under penalties of perjury establishing that he had deposited his motion in the prison mail system before the expiration of the statute of limitations. As an attachment to his objections, defendant has submitted a declaration under penalty of perjury, dated June 6, 2005, affirming that he posted his motion in the prison mail system on April 1, 2005. Defendant has now borne his burden of establishing timely filing of his motion and has cured the defect noted by the magistrate judge. The report and recommendation is therefore vacated insofar as it determines that the motion was untimely.

**2.**

The report and recommendation concluded that defendant is attempting to rely on the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), to overturn a sentence that became final on April 5, 2004. Relying on *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the magistrate judge determined that the *Booker* decision could not be applied retroactively to upset federal criminal convictions that became final before January 12, 2005, when *Booker* was decided. Ignoring *Humphress*, defendant argues that *Booker* must be given complete retroactive effect. Defendant's argument is meritless in light of *Humphress*, which authoritatively decided this issue and requires rejection of defendant's arguments concerning retroactivity.

**3.**

In his objections, defendant raises an issue that does not appear in his section 2255 motion. He asserts for the first time that appellate counsel was ineffective for failure to raise claims pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), on direct appeal. This argument is frivolous. Neither *Apprendi* nor *Dale* governs the present case, which involves a routine application of the federal sentencing guidelines. As late as August 26, 2004, the *en banc* Sixth Circuit held that neither *Apprendi* nor its progeny required a finding that sentencing under the guidelines violates the Sixth Amendment. *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*). Consequently, during the entire time that this matter was on direct appeal or before the Supreme Court on *certiorari*, binding Sixth Circuit authority required rejection of any challenge to defendant's sentence under *Apprendi* or its progeny. It is frivolous to charge appellate counsel with ineffective assistance for failing to raise an *Apprendi* claim before April 5, 2004, when the Sixth Circuit Court of Appeals steadfastly held throughout this time that an *Apprendi* challenge to a sentence such as involved herein was meritless. A Sixth Amendment challenge to defendant's sentence only became viable on January 12, 2005, with the announcement of the *Booker* decision. Defendant's unpleaded claim of ineffective assistance of counsel arising from his appellate attorney's failure to raise a then groundless appellate issue is itself frivolous.

**4.**

Finally, defendant's objection raises a claim of "miscarriage of justice," asserting that the four-level enhancement would work a "complete miscarriage of justice." Defendant's sentence was both fair and legal when pronounced. Consequently, no miscarriage of justice is involved.

For the foregoing reasons, the court will vacate the finding of the magistrate judge with regard to the statute of limitations, affirm the report and recommendation in all other respects, and deny defendant's motion for section 2255 relief.

DATED: June 16, 2005            /s/ David W. McKeague
DAVID W. McKEAGUE
UNITED STATES CIRCUIT JUDGE,
sitting by designation